# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: March 23, 2020

\* \* \* \* \* \* \* \* \* \* \* \* \*

DINA BRIFMAN,                                    \*                    UNPUBLISHED
                                                 \*
                    Petitioner,                  \*                    No. 18-550V
                                                 \*
v.                                               \*                    Special Master Gowen
                                                 \*
SECRETARY OF HEALTH                              \*                    Motion for Dismissal Decision;
AND HUMAN SERVICES,                              \*                    Influenza ("Flu"); Axillary
                                                 \*                    Lymphadenopathy.
                    Respondent.                  \*
\* \* \* \* \* \* \* \* \* \* \* \* \*

*Howard S. Gold*, Gold Law Firm, LLC, Wellesley Hills, MA, for petitioner.
*Christine M. Becer*, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On April 16, 2018, Dina Brifman ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2]  Petitioner acknowledges that she was previously diagnosed with small cell lympocytic lymphoma and cervical lymphadenopathy.  She alleges that an influenza ("flu") vaccination received on November 21, 2016 caused her to develop left axillary lymphadenopathy with residual effects lasting for more than six months.  Petition (ECF No. 1); *see also* Petitioner's Exhibits ("Pet. Exs.") 1-8.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade  secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion.  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petitioner filed medical records, an affidavit, and other supporting documentation followed by a statement of completion on May 3, 2018.  On March 20, 2019, respondent filed a status report opposing compensation.  Respondent's ("Resp.") Status Report (ECF No. 21); *see also* Scheduling Order (ECF No. 22).  Subsequently, petitioner consulted with an expert, who was unable to opine on petitioner's vaccine injury.  *See, e.g.,* Petitioner's ("Pet.") Status Report (ECF No. 30).  However, petitioner averred that she was entitled to compensation based on the medical records and several medical articles filed by counsel.  I recommended that both parties should pursue an informal resolution.  Petitioner conveyed a demand.  Respondent considered the demand but declined to settle the case.  On February 18, 2020, respondent filed a report pursuant to Vaccine Rule 4(c), in which respondent opposed compensation on the grounds that petitioner has not established causation-in-fact.  Resp. Report (ECF No. 37).  On February 21, 2020, petitioner was ordered to show cause why the case should not be dismissed or alternatively, file a motion for a decision dismissing the petition within 30 days.  Order to Show Cause (ECF No. 38).

On March 23, 2020, petitioner filed a motion for a decision dismissing her petition.  Petitioner's Motion ("Pet. Mot.") (ECF No. 39).  Petitioner avers that causation has been proven on the medical records themselves and that it appears unreasonable to require an expert opinion.  *Id.* at ¶ 5.  However, in light of the Order to Show Cause, to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program.  *Id.* at ¶ 6.  Petitioner understands that a decision by the special master dismissing her petition will result in a judgment against her.  *Id.* at ¶ 7.  She has been advised that such a judgment will end all of her rights in the Vaccine Program.  *Id.*  Petitioner understands that she may apply for costs once her case is dismissed and judgment is entered against her.  *Id.* at ¶ 8.

To receive compensation in the Vaccine Program, petitioner has the burden of proving either: (1) that petitioner suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that petitioner suffered an injury that was caused-in-fact by a covered vaccine.  §§ 13(a)(1)(A); 11(c)(1).  Additionally, petitioner must show that she experienced the residual effects of her alleged injury for more than six months, or that her injury required a hospitalization involving surgical intervention, or resulted in death.  § 11(c)(1)(D).  Moreover, under the Vaccine Act, the Vaccine Program may not award compensation based on petitioner's claims alone.  Rather, petitioner must support the claim with either medical records or the opinion of a competent medical expert.  § 13(a)(1).  In this case, there is not persuasive evidence that petitioner suffered a "Table injury", therefore, petitioner is limited to alleging an off-Table injury for which she has the burden of establishing causation-in-fact.  As detailed in the Order to Show Cause, the medical records and the limited medical literature submitted are insufficient to establish entitlement.  Petitioner has consulted with an expert, but has not been able to submit a report in support of vaccine causation-in-fact.

**Accordingly, petitioner's motion is GRANTED.  This matter is DISMISSED for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.[3]**

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master