# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: September 29, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DINA BRIFMAN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-550V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>Howard S. Gold</u>, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner.
<u>Christine M. Becer</u>, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 26, 2020, Dina Brifman ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 43). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$16,378.87**.

### I.  Procedural History

On April 16, 2018, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an influenza vaccination on November 21, 2016, she developed left axillary lymphadenopathy with residual effects lasting for more than six months. *See* Petition (ECF No. 1). On March 22, 2020, Petitioner filed a motion for decision, averring that causation was proven on the medical records themselves and that it appears

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

unreasonable to require an expert opinion, but that to proceed further would be unreasonable and waste the resources of the Court, the Respondent, and the Vaccine Program. (ECF No. 39). On March 23, 2020, I issued my decision dismissing the petition for insufficient proof. (ECF No. 40).

On May 26, 2020, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Howard Gold, in the total amount of $16,378.87, representing $13,022.00 attorneys' fees and $3,356.87 in costs.[3] Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she did not personally incur any costs in pursuit of her claim. *Id.* at 1. Respondent reacted to the fees motion on June 2, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 44). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, I do not doubt that the claim was filed in a good faith belief that Petitioner's injuries were caused by her vaccination. Additionally, I find that there was a reasonable basis to file the petition and for the claim to proceed as long as it did.  In this case the petitioner did produce medical records documenting the enlargement of lymph nodes shortly after the flu vaccine, which she alleged was an aggravation of a pre-existing condition, and which included some comments by treating physicians about a possible connection to the flu vaccine.  She also produced several articles about the occurrence of lymphadenitis post vaccination and records showing the enlarged lymph nodes persisted for more than six months, but she was ultimately unable to obtain an expert to endorse the theory of causation.  She did recognize at that point that she would be unable to prevail and that to proceed further might result in a loss of reasonable basis for further proceedings. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

   a. **Attorneys' Fees**

---

[3] Petitioner was previously awarded interim attorneys' fees and costs in the amount of $38,801.80 on June 27, 2018.

2

Petitioner requests the following hourly rates for the work of her counsel, Mr. Gold: $380.00 per hour for work performed in 2017, $390.00 per hour for work performed in 2018, $400.00 per hour for work performed in 2019, and $410.00 per hour for work performed in 2020. These rates are consistent with what Mr. Gold has previously been awarded for his Vaccine Program work, and I find them to be reasonable for work performed in the instant case as well.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$13,022.00**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $3,356.87. This amount is comprised of acquiring medical records, the Court's filing fee, travel costs to meet with Petitioner, and an initial consult with Dr. Marc Alshuler as a potential expert. Fees App. at 12. Petitioner has provided adequate documentation supporting these costs and they appear to be reasonable in my experience. Petitioner is therefore entitled to the full amount of attorneys' costs sought.

### III.    Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $13,022.00 |
|---|---|
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$13,022.00** |
| | |
| Attorneys' Costs Requested | $3,356.87 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,356.87** |
| | |
| **Total Attorneys' Fees and Costs** | **$16,378.87** |

**Accordingly, I award a lump sum in the amount of $16,378.87, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Howard Gold.[4]**

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).